UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:23-cr-00023-JRS-MJD-1 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| DANIEL WOLFE | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 1:23-cr-00023-JRS-MJD ) |
| DANIEL WOLFE, | ) -1 ) |
| Defendant. | ) |

## ORDER

Defendant Daniel Wolfe has filed a motion seeking compassionate release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). Dkt. 46. For the reasons explained below, his motion is **DENIED**.

### I. Background

In December 2023, Mr. Wolfe pleaded guilty to four counts of possession with intent to distribute 50 grams or more of methamphetamine. Dkt. 42 at 1. In November 2021, law enforcement conducted four controlled buys of methamphetamine totaling 431.68 grams from Mr. Wolfe. Dkt. 40 at 1–2. Mr. Wolfe faced a guidelines range of 120 to 135 months of imprisonment which included a mandatory minimum sentence of 120 months. Dkt. 36 at 11. The Court sentenced him to 120 months of imprisonment followed by 5 years of supervised release. Dkt. 42 at 2–3. The Bureau of Prisons ("BOP") currently reports Mr. Wolfe's anticipated release date (with good-conduct time included) as August 25, 2031. https://www.bop.gov/inmateloc/ (last visited July 23, 2024).

Mr. Wolfe has filed a motion for compassionate release *pro se*. Dkt. 46. Mr. Wolfe argues that he establishes extraordinary and compelling reasons for compassionate release because (1) the

2

Court improperly applied the sentencing guidelines to his case as though they were mandatory rather than advisory; and (2) his sentence should be reduced based on policy disagreements with regard to sentencing disparities between pure and adulterated methamphetamine. *Id.* The Court has concluded that it can resolve the motions without a response from the United States.

## II.     Discussion

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that district courts have broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The district court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021). On this point, the United States Sentencing Commission recently amended the Guidelines Manual to identify several new circumstances as "extraordinary and compelling" reasons potentially warranting compassionate release. *See* U.S.S.G. § 1B1.13 (Nov. 2023).

Mr. Wolfe argues that he has established extraordinary and compelling reasons for release because recent changes to the sentencing guidelines were improperly applied to him as though they were mandatory. Dkt. 46 at 2. He also argues that he establishes extraordinary and compelling reasons for his release because his sentence is unreasonable in light of policy disagreements that

other courts have expressed with the sentencing guidelines with regard to sentences for pure and adulterated methamphetamine. *Id.* at 5. Neither of these reasons (even if they were correct assessments of the law and facts) can constitute extraordinary and compelling reasons for release. Both argued reasons for release are nothing more than arguments that the Court committed sentencing errors. Compassionate release is an improper vehicle for challenges to the original conviction or sentence. *United States v. Moore*, No. 23-2919, 2024 WL 890003, at *1 (7th Cir. Mar. 1, 2024) ("Claims about the validity of the original conviction or sentence cannot count toward a finding of extraordinary and compelling circumstances.); *United States v. Brock*, 39 F.4th 462, 465 (7th Cir. 2022); *United States v. Williams*, 65 F.4th 343, 347–49 (7th Cir. 2023). To find that any potential error at sentencing constitutes extraordinary and compelling reasons for release "would circumvent the normal process for challenging potential sentencing errors, either through the direct appeal process or collaterally through a 28 U.S.C. § 2255 motion." *United States v. Martin*, 21 F.4th 944, 946 (7th Cir. 2021). An exception arises under recent amendments to the Guidelines Manual which identify several new circumstances as "extraordinary and compelling" reasons potentially warranting compassionate release. *See* U.S.S.G. § 1B1.13 (Nov. 2023). One such new circumstance is related to defendants who received an "unusually long sentence":

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6). Mr. Wolfe cannot rely on that section to establish extraordinary and compelling reasons potentially warranting a sentence reduction because he has not served at least 10 years of his term of imprisonment. For these reasons, the Court finds that Mr. Wolfe has not

4

established that these reasons are extraordinary and compelling reasons for his release, whether considered alone, together, or in combination with any other reason.

Even if the Court were to assume that Mr. Wolfe had established an extraordinary and compelling reason, however, the Court would nevertheless find that Mr. Wolfe is not entitled to compassionate release because the sentencing factors under 18 U.S.C. § 3553 do not weigh in his favor.[1] Mr. Wolfe committed a serious crime and distributed a large amount of methamphetamine. Dkt. 40 at 1–2. Further, Mr. Wolfe was sentenced less than one year ago and is not scheduled to be released from prison until August 2031; thus, releasing him now would be a substantial reduction in his sentence.

In light of these considerations, the Court finds that releasing Mr. Wolfe early would not reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, or protect the public from further crimes. *See United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021) ("[A]ll a district judge need do is provide a sufficient reason for [denying relief under § 3582(c)(1)]. One good reason for denying a motion . . . is enough; more would be otiose.").

---

[1] These factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the defendant's crimes; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

### III. Conclusion

For the reasons stated above, Mr. Wolfe's motion for compassionate release, dkt. [46], is **denied**.

**IT IS SO ORDERED.**

Date: 07/24/2024

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

Daniel Wolfe
Register Number: 41147-510
FCI Thomson
Federal Correctional Institution
P.O. Box 1002
Thomson, IL 61285